UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRI WERTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:05CV617 HEA |
| | ) |
| BOEING CO., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss, [# 4]. Defendant argues that plaintiff's claim in this suit is barred by the doctrine of *res judicata*. Plaintiff, proceeding *pro se*, has resisted the motion by filing a Motion to Quash" and a Motion to Remand. For the reasons explained below, defendant's motion is granted.

## Facts and Background

Plaintiff first filed suit against defendant on December 1, 2004 in the Circuit Court of St. Louis County, Missouri-Small Claims Court. In her original lawsuit, plaintiff alleged that she took a Boeing approved short term disability medical leave from approximately February 15, 2003 through approximately May 18, 2003 at 80% pay. Further, plaintiff alleged that she received six weeks partial payment for the twelve week time period. Plaintiff contended that she was not paid for her leave

from the period of approximately May 19, 2003 through August 17, 2003 at 60% pay.  Plaintiff specifically stated in the original suit that she was suing only for the time period of May 19, 2003 through August 17, 2003 at 60% pay for "this" claim.  Plaintiff alleged that defendant owed her $7,012 and that she was only suing for the $3,000 jurisdictional limit of the Small Claims Court.

On January 10, 2005, plaintiff and defendant settled this suit.  Under the terms of the settlement agreement, plaintiff agreed to dismiss her suit with prejudice in exchange for $1,500.00.  Plaintiff executed a Voluntary Dismissal with Prejudice on February 16, 2005.  This dismissal was filed in the Small Claims Court on February 22, 2005.

Plaintiff filed the present lawsuit, *pro se* in the Circuit Court of St. Louis County, Missouri-Small Claims Court on March 4, 2005.  Defendant removed the matter to this Court on April 18, 2005 on the basis of this Court's federal question jurisdiction in that the action is founded on a claim arising under 29 U.S.C. § 1132(a)(1)(B).  As in her first lawsuit, plaintiff alleges she took a Boeing approved short term disability medical leave from February 15, 2003 through May 18, 2003 at 80% pay.  She also again alleges that she received six weeks partial payment for the twelve week period.  Plaintiff contends in the instant lawsuit that she is suing only for the period of March 29, 2003 through May 18, 2003 at 80% of pay which

equates to $5,640.57, but that she is suing for the $3,000 limit. The same set of operative facts apply to both cases. Defendant moves to dismiss this second lawsuit, arguing that plaintiff's claim for a different period of time and at a different rate of pay is barred by the doctrine of *res judicata*.

## Discussion

"Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust,* 324 F.3d 580, 581 (8th Cir.2003) (citation omitted). "[R]es judicata, also known as claim preclusion, prevents the relitigation of claims or issues that were raised or <u>could have been raised</u> in an earlier action between the same parties." *Id.* (emphasis added). The doctrine of *res judicata* operates to preclude a subsequent lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *In re Anderberg-Lund Printing Co.,* 109 F.3d 1343, 1346 (8th Cir.1997) (quoting *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983)). Furthermore, the party defending against a claim of *res judicata* must have had a "full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Id.*

Plaintiff disputes neither jurisdiction nor that both suits involve the same

parties. Likewise, plaintiff does not question whether she had a full and fair opportunity to litigate her previous lawsuit or that the first suit resulted in a final determination. The Court's inquiry, therefore, is limited to the third element of the *res judicata* analysis.

Although plaintiff acknowledges that the previous suit was settled and that she dismissed the suit with prejudice, plaintiff contends that this action is not barred because it involves a separate time period and a separate percentage rate of her pay. This point, however, does not eliminate the preclusive effect of the previous suit and its settlement. When determining whether two suits involve the same cause of action, the Eighth Circuit advises:

> if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for purposes of res judicata. Since the forms of action have been abolished, the joinder of claims and amendment of pleadings are liberally permitted in both federal and state courts, there is no reason to give a claimant more than one fair chance to present the substance of his or her case.

*Ruple v. Vermillion,* 714 F.2d 860, 861 (8th Cir.1999).

In this action, both suits arise out of the same nucleus of operative facts, but Plaintiff contends that the claims in the two suits differ. The problem for Plaintiff is that the standard for *res judicata* is not whether the claims technically differ in terms of the time period or rate of pay plaintiff has selected to assert, but whether they

arise out of the same cause of action or nucleus of operative facts. *Res judicata* acts to bar not only those claims that a plaintiff has previously litigated, but those that she could have previously litigated. Plaintiff had every opportunity to include a claim for both periods of time and rates of pay, yet failed to do so. As quoted above, "there is no reason to give a claimant more than one fair chance to present the substance of his or her case." *Id.* Because both of Plaintiff's lawsuits involve the same nucleus of operative facts, the Court finds that both suits arise out of the same cause of action. As such, Plaintiff's second lawsuit is barred by the doctrine of *res judicata*.

## Conclusion

The *res judicata* effect of the settlement of plaintiff's prior lawsuit precludes plaintiff from maintaining her claim in the present suit. Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [# 4], is granted, and this matter is dismissed.

Dated this 17th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE